UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EARL ADOLPHUS ALLEYNE**
        Petitioner,

v.                                                                    Civil Action No. 2:04cv760
                                                                       Criminal Action No. 2:02cr150-01

**UNITED STATES OF AMERICA,**
        Respondent.

<u>**ORDER AND OPINION**</u>

Currently before the court is Earl Adolphus Alleyne's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code, Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that his sentence was unconstitutionally enhanced based on his classification as a Career Offender. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. <u>See</u> R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Alleyne's petition is **DENIED**.

**I.     Factual Background**

On July 24, 2002, petitioner was indicted on several charges relating to a large, multi-state conspiracy to sell and distribute marijuana. He was later charged in a superseding indictment on December 17, 2002, in which he faced 16 charges. On August 29, 2003, pursuant to a plea agreement reached with the United States, petitioner pleaded guilty to Count One of the

indictment, charging him with conspiracy to possess with intent to distribute and to distribute marijuana, in violation of Title 21, United States Code, Section 846. The plea agreement specifically attributed petitioner with more then 100 kg of marijuana, which meant that he faced a maximum sentence of 20 years imprisonment under 21 U.S.C. § 841(b)(1)(B). In accordance with the plea agreement, the other charges against petitioner were dismissed by this court.

On December 15, 2003, this court sentenced petitioner to 155 months imprisonment. Petitioner's base offense level was 22, but was enhanced based on the fact that he qualified as a "Career Offender" pursuant to U.S.S.G. § 4B1.1. Petitioner had an extensive criminal history, including multiple convictions for possession of a controlled dangerous substance with intent to distribute. Those are considered felony drug offenses within the meaning of § 4B1.2 and petitioner was at least 18 years of age at the time he committed them, thereby qualifying him for sentencing enhancements as a Career Offender. Based on the sentencing enhancements and a three-point deduction for acceptance of responsibility under U.S.S.G. § 3E1.1, this court determined that petitioner's adjusted offense level was 29. His criminal history category was VI, and the appropriate guideline range was therefore 151 to 188 months imprisonment.

## II.     Procedural History

On or about December 17, 2004, petitioner filed the instant petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his petition, petitioner alleges that his punishment was unconstitutionally enhanced by his characterization as a Career Offender, as it drastically increased his offense level and thus his sentencing range.

The United States filed a response to the instant petition on December 23, 2004, wherein

it moved for dismissal of petitioner's claims without a hearing.[1]  On January 7, 2005, petitioner filed two motions, one requesting leave of the court to obtain limited discovery and one requesting an extension of time to file a reply to the United States' response.  This court denied petitioner's motion for discovery with the exception of the plea agreement.  This court granted petitioner's request for a copy of the plea agreement and granted his motion for an extension of time.  On February 10, 2005, petitioner filed a rebuttal to the government's response.  The matter is now before this court.

**III.    Standard of Review**

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255.  An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter.  See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

---

[1] In its response, the United States objected to petitioner's timeliness, claiming that because his sentence had become final on December 15, 2003 and he had not filed his petition until December 17, 2004, it was not timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996).  However, as noted correctly by petitioner in his rebuttal, the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 276 (1988), which provides that the date used for determining timeliness should be the date the document is delivered to prison officials, applies in this case.  The instant petition is clearly postmarked on December 15, 2004, and therefore is within the one-year filing requirement.

A collateral attack under § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981). There are two instances, however, when a procedurally defaulted claim may be considered on collateral review. The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995). In the instant case, petitioner has not alleged that he is actually innocent of the crime of which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the error he alleges.

**IV.   Analysis**

Petitioner's sole argument is that the sentencing enhancements he received as a result of qualifying as a Career Offender are unconstitutional as against the Fifth and Sixth Amendments. As evidence of this, petitioner points to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that any fact which increases a statutory

maximum sentence must be determined by a jury. Id. at 490. The determination of what was meant by a "maximum sentence" was left in doubt among the lower courts. The Supreme Court addressed the question in its decision in Blakely v. Washington, 124 S.Ct 2531 (2004).

In Blakely, the Supreme Court extended its ruling in Apprendi, 530 U.S. 466 (2000). In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. Id. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant. Blakely, 124 S.Ct. at 2537.

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines. Id. at 2538 n.9. The Court subsequently, in United States v. Booker, 125 S.Ct. 738, applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress would have preferred an advisory guideline scheme to none at all. Booker, 125 S.Ct. at 745, 756. Thus, even though this petition was filed prior to the Court's decision in Booker, it is that decision, as opposed to Apprendi or Blakely, that is applicable to petitioner's sentence under the federal sentencing guidelines. This court will assume that, had this petition been filed after Booker, petitioner would have relied on that case. However, petitioner is still not entitled to relief under Booker.

Because petitioner is collaterally attacking his final sentence, the court must determine if

the rule announced in Booker may retroactively apply to the petitioner.  Retroactivity comes into play where a criminal defendant has been found guilty and his conviction has become final prior to the announcement of the new rule.  See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D. Va. 2004).  A conviction is final if "'the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'"  Teague v. Lane, 489 U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

     Petitioner's conviction clearly became final prior to the decision in Booker, and therefore he must show that the Supreme Court decision he wishes to take advantage of announced a new rule and the new rule is retroactive on collateral review.  See id. at 308.  A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final."  Id. at 301.  Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent.  The application of Apprendi to the sentencing enhancements in the guidelines was not foreseen by the courts of appeals after the Supreme Court decided Apprendi.  See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that the court can enhance sentences on the basis of judicially determined facts so long as the statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from the other courts of appeals).

     Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker was a new rule, there is only a narrow class of cases to which the new rule will apply retroactively on collateral rule.  See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004).  The petitioner must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule of criminal procedure."  Id. at 2523.

It is undisputed that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S.Ct. at 2523. Booker does not involve the substantive determination of what conduct is lawful or unlawful. Moreover, the rule announced in Apprendi, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S.Ct. at 2523; Sanders, 247 F.3d at 151 (finding that the rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may apply retroactively if it establishes one of the rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S.Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, the decision must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S.Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge or jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guidelines system has some flexibility in application.

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court intended to overrule the numerous cases holding that Apprendi does not apply retroactively on collateral

review. This determination is in accord with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F.Supp. at 538-39 n.5 (citing the cases). Each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); McReynolds, 397 F.3d at 491. See also United States v. Johnson, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005).

Petitioner's reliance upon Apprendi and Blakely is misplaced. However, even had he relied upon Booker, it is clear that the decision in Booker is not retroactively applicable to petitioner's sentence. He has therefore demonstrated neither cause for failing to raise this issue on appeal nor prejudice resulting from his failure to do so. His petition is therefore denied.

## V.     Conclusion

For the reasons stated on the record, and for those discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800,

101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

>                           /s/
>                    Jerome B. Friedman
>             UNITED STATES DISTRICT JUDGE

June 15, 2005
Norfolk, Virginia